UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THADDEUS A. BROWN, SR.                    CIVIL ACTION

VERSUS                                    NO. 07-3756

MICHAEL W. WYNNE, ETC.                    SECTION "C"  (4)

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant, Michael B. Donley, Acting Secretary of the Department of the Air Force ("Air Force").[1]  Having considered the record, the memoranda of counsel and the law, the Court finds that summary judgment is appropriate for the following reasons.

**Undisputed facts**

The plaintiff, Thaddeus A. Brown, Sr. ("Brown."), an African-American, filed this suit seeking damages for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964.  The undisputed facts indicate that Brown was employed by the Air Force from January 16, 1984 , until his termination on September 28, 2006.  At

---

[1] The Court will treat this defendant the same as that originally sued.

1

the time of his termination, Brown was a Air Reserve Technician employed as an Aircraft Pneudraulic Systems Mechanic in Belle Chasse, Louisiana, responsible for the maintenance of aircraft fuel distribution systems.

According to the Complaint, the plaintiff filed an "Investigator General's complaint" and a "Special Counsel's complaint" against Kenny Kennedy ("Kennedy") in September 2004.  (Rec. Doc. 1, ¶ 11; Rec. Doc. 40, Exh. A, p. 2).[2]  It is undisputed that in November 2004, Brown falsified aircraft records when he represented that the flight refueling system on an aircraft was good, when he knew that the light bulb indicator light was not working and when he relied upon another person to change the light bulb. Brown was ultimately given a four-day suspension in January 2005.  It is also undisputed that in March 2006, Brown was denied participation in the Priority Placement Program ("PPP) attendant to the September 2006 closing of the Belle Chasse base, due to his disciplinary record.  Those involved in the suspension decision were Mike Boykin ("Boykin"), Kennedy and Lt. Col. Patrick Webb ("Webb").  Captain Reginald Stroud ("Stroud"), Boykin and Webb were involved in the decision to deny

---

[2] The Court is unable to discern the nature of those complaints from the record.

participation in the PPP.[3]  Brown claims that the suspension and the denial of participation in the PPP subjected him to wrongful racial harassment, discrimination and retaliation.

In this motion, the Air Force argues that the plaintiff is unable to make a *prima facie* case of hostile work environment, racial discrimination or retaliation and is also unable to show that the defendant's proffered reasons for the suspension and denial of PPP participation were pretextual.  Specifically, the defendant argues that the plaintiff does not dispute his conduct with regard to the light bulb indicator and that his disciplinary record rendered him ineligible in the PPP.  It also argues that Stroud, an African American, made the final decision not to grant plaintiff the waiver that would have allowed participation in the PPP.

The pro se plaintiff opposes the motion with the argument that others "are trying to make this problem with this Ready Lite bigger than it was" because "there is no way that Aircraft would have left the ground are (sic) flown with that Ready Lite not operating." (Rec. Doc. 41, p.1).  Brown includes two statements that in March 2005 he reported a white co-worker's failure to follow "TECH.DATA" when working on an

---

[3]  It appears that all of the people involved in the two decisions were Caucasian except for Stroud, who is African American.

aircraft and Kennedy only de-certified the co-worker, and that in January 2005, he again reported that Mike Boykin ("Boykin") and the same white co-worker failed to follow "TECH.DATA" again, but that Kennedy did nothing in response.  (Rec. Doc. 41, Exh. L-1, L-2).   He also misguidedly construes efforts to place him at another base as evidence that the defendant is liable.

**Analysis**

A district court can grant a motion for summary judgment only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." Reid v. State Farm Mut. Auto. Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute ... [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party ... [and a] fact ... [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Technologies, Inc., 882 F.2d 993, 996 (5th Cir. 1989)

(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing Celotex, 477 U.S. at 322-24). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. See Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50.

**Racially hostile work environment**

In order to prevail on a claim that he was exposed to racially hostile work environment, the plaintiff must prove: (1) he belongs to a protected group; (2) he was subjected to harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2005). Courts "consider the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. Other than his membership in a protected group,

the Court finds that the plaintiff has presented no evidence that supports his claim that he was subjected to a racially hostile work environment.

**Racial discrimination**

Title VII prohibits an employer from "failing or refusing to hire or ... [from] discharging, or otherwise discriminating against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove discrimination under Title VII through direct or circumstantial evidence. Nasti v. CIBA Specialty Chemicals Corp., 492 F.3d 589, 593 (5th Cir. 2007).

A case of discrimination using circumstantial evidence uses the burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), which requires that a plaintiff bears the initial burden to prove a *prima facie* case of discrimination by a preponderance of the evidence. This requires a demonstration that the defendant belonged to a protected group, was qualified for the position, suffered an adverse employment action and was replaced with a similarly qualified person not a member of his group, or in the case of disparate treatment, that similarly situated employees were more favorably treated. Nasti, 492 F.3d at 593; Johnson v. Louisiana, 351 F.3d 616, 621 (5th Cir. 2003); Laxton v. Gap Inc., 333 F.3d 572, 579 (5th Cir. 2003); Blow v.

City of San Antonio, Texas, 236 F.3d 293, 296 (5th Cir. 2001).

If a *prima facie* showing is made, the employer then bears the burden of articulating a legitimate, nondiscriminatory reason for its action. St. Mary's Honor Center. v. Hicks, 509 U.S. 502, 506-07 (1993); Nasti, 492 F.3d at 593. The defendant must state, "through the introduction of admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding that the unlawful discrimination was not the cause of the employment action." St. Mary's, 509 U.S. at 507 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254- 55 (1981)) (emphasis original).

If the defendant articulates such a reason, the presumptions of the framework dissipate and the focus shifts to the ultimate question: whether the plaintiff can prove that the defendant intentionally discriminated against the plaintiff. Nasti, 492 F.3d at 593. The plaintiff may show intentional discrimination by direct or circumstantial evidence of discriminatory intent. Grimes v. Texas Dept. Of Mental Health & Mental Retardation, 102 F.3d 137, 140-41 (5th Cir. 1996). This burden can be satisfied with evidence that the employer's reason is a pretext for discrimination, either through evidence of disparate treatment or by showing that the proffered explanation is false or unworthy of credence. St. Mary's, 509 U.S. at 511; Nasti, 492 F.3d at 593. The plaintiff may attempt to overcome the employer's proffered nondiscriminatory reason by providing evidence that the employer's legitimate, nondiscriminatory reason is merely pretextual.

The plaintiff "retains the ultimate burden of persuasion throughout the case." Faruki v. Parsons S.I.P., Inc., 123 F.3d 315, 319 (5th Cir. 1997) (citing Burdine, 450 U.S. at 253). A plaintiff can meet his burden of demonstrating pretext and thereby establish a jury issue to avoid summary judgment or judgment as a matter of law "if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race, sex or national origin] was a determinative factor in the actions of which plaintiff complains." Vadie v. Mississippi State University, 218 F.3d 365, 374, fn 23 (5th Cir. 2000) (explaining that this analysis first formulated in Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 994 (5th Cir.1996), survives the Supreme Court's abrogation of Rhodes in Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000)). A *prima facie* case and sufficient evidence of pretext would permit a court or jury to find unlawful discrimination, without additional independent evidence of discrimination, though such a showing will not always be adequate to sustain a jury's finding of liability. Reeves, 530 U.S. at 142-49.

Here, the plaintiff's claim of discrimination with regard to either the suspension or the denial of PPP participation fails on at least two grounds. First, Brown fails to prove a *prima facie* case with the absence of evidence that he was treated less favorably than others outside of the protected group. His statement as to the two incidents he reported after

receiving his suspension have not been shown to be sufficiently similar to avoid summary judgment. Even if Brown successfully established a *prima facie* case, his failure to establish that the reasons given for the suspension and the denial of PPP participation were in any way pretextual warrants summary judgment. In this latter regard, the Court finds that the misconduct underlying the suspension was of the most serious nature and warranted discipline.

**Retaliation**

Under 42 U.S.C. § 2000e(a), employers are prohibited from discriminating against an employee "because he has opposed any practice made an unlawful practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." In order to make a *prima facie* case of retaliation, the plaintiff must prove (1) he was engaged in protected activity; (2) the defendant took adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment activity. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir. 1997).

To the extent that this relies on the plaintiff's filing of an "Investigator General's complaint" and a "Special Counsel's complaint" against Kenny Kennedy in September 2004 with regard to this claim, the Court is without sufficient evidence pertaining to those

9

alleged filings, and finds that the plaintiff's allegation alone is insufficient to support a claim of retaliation with regard to either the suspension or the denial of PPP participation. In addition, the Court finds that the plaintiff fails to provide evidence of a causal connection between any protected activity and either the suspension or the denial of PPP participation.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant is is GRANTED.  (Rec. Doc. 40).

New Orleans, Louisiana, this 29th  day of September, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE